**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT DAVIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 4:24-cv-00015-O-BP |
| | § | |
| **BRANDON LOGAN, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Motion for Judgment on the Pleadings or in the Alternative Motion for Summary Judgment that Lane Norris Akin, Brandon Logan, William Snyder, Wes Wallace, and Wise County, Texas ("the County") (collectively "Defendants") filed on February 25, 2026 (ECF No. 54). *Pro se* Plaintiff Robert Davis did not file a response. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 54) and **DISMISS** Davis's claims.

## I.    BACKGROUND

On January 5, 2023, Wise County Sheriff's deputies arrived at Davis's home to conduct a mental health welfare check on Davis's son, Shannon, who suffers from mental illness. ECF No. 6 at 20. Sheriff's deputies engaged Davis and began asking him questions. *See* ECF No. 55. After a short time, Davis became upset with the difficulty of raising and handling Shannon and his mental health needs, and an altercation ensued. *Id.* Officers forcibly took Davis to the ground and arrested and detained him. *Id.*

Davis brings constitutional claims under 42 U.S.C. § 1983 for excessive force and the execution of an allegedly warrantless arrest, lack of proper training and failure to intervene,

conspiracy to violate his rights, assault, battery, and intentional infliction of emotional distress ("IIED"). ECF No. 6 at 17-19. Davis seeks $2,000,000.00 in actual and punitive damages for his remaining claims, rulings on his constitutional challenges, and costs. *Id.* at 88. On October 7, 2024, the undersigned recommended dismissal of Davis's claims relating to his detention. ECF No. 37. Chief Judge O'Connor accepted the Recommendation on October 30, 2024. ECF No. 38. Accordingly, the Court does not address Davis's claims against Officer FNU LNU Jailer and Jail Administrator Daniel Armstrong because those claims are not before the Court, having been dismissed in the undersigned's previous Recommendation and Chief Judge O'Connor's acceptance of that Recommendation (ECF Nos. 37, 38).

## II.    LEGAL STANDARDS

### A.    Judgment on the pleadings

"The standard for deciding a Rule 12(c) motion [for judgment on the pleadings] is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citation omitted). Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

"[T]he mere submission of extraneous materials does not by itself convert a Rule 12(b)(6) [or 12(c)] motion into a motion for summary judgment." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015) (citing *Finley Lines Joint Protective Bd. v. Norfolk S. Corp.,* 109 F.3d 993, 996 (4th Cir. 1997)). Instead, if a Court does not rely on the materials, "it need not convert a motion to dismiss into one for summary judgment." *Id.* (citing *Davis v. Bayless*, 70 F.3d 367, n.3 (5th Cir. 1995)).

### B.    Qualified immunity

"Qualified immunity protects government officials performing discretionary functions from liability for civil damages insofar as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)); *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (stating qualified immunity "must be pleaded"). It is an "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

When determining whether an official can claim qualified immunity, courts engage in a two-step analysis: "(1) whether the facts that a plaintiff has shown establish a violation of a constitutional right; and (2) whether the right was clearly established at the time of the defendant's alleged misconduct." *Wilkerson v. Goodwin*, 774 F.3d 845, 851 (5th Cir. 2014). The second prong

3

involves "two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 326 (1998). The Court may decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 555 U.S. at 236 (2009).

To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what [s]he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Fifth Circuit requires that the law "so clearly and unambiguously prohibited the violative conduct that '*every* reasonable official would understand that what [s]he is doing violates the law.'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). The Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

Once an official asserts qualified immunity, the burden shifts to the plaintiff to rebut the defense. *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "[T]he immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). Qualified immunity can be decided at the motion to dismiss stage as it is the earliest possible stage in litigation. *Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022).

### C.    *Pro se* pleadings

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017).

### D.    Dismissal with or without leave to amend

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make [his] case; if, after that time, a cause of action has not been established, the court should finally dismiss

the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

### III.   ANALYSIS

Here, Defendants submitted video evidence of the relevant encounter and arrest to the Court. *See* ECF Nos. 55, 56. Because the Court does not rely on that video evidence in ruling on this motion, the Court need not convert Defendants' motion into a motion for summary judgment. *U.S. ex rel. Long,* 798 F.3d at 275. Instead, the Court considers the motion as one for judgment on the pleadings under Rule 12 (c).

### A.   The Court should dismiss Davis's claims against the County.

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any [law] subjects [] any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Davis sues the County for the constitutional torts of its employees. But "the language of §1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort . . . a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978). However,

> a county "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Furthermore, a county "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." To succeed on this type of claim—called a *Monell* claim—the plaintiff must show that "(1) an official policy (2) promulgated by a municipal policymaker (3) was the moving force behind the violation of a constitutional right."

*Thornton v. Dall. Cnty.*, No. 3:23-cv-1945-D, 2024 WL 3357840, at *3 (N.D. Tex. July 10, 2024)

6

(citing *Monell*, 436 U.S. at 690; *Webb v. Town of St. Joseph*, 925 F.3d 209, 215 (5th Cir. 2019)).

Here, Davis does not state any facts to show that the County officially adopted or promulgated any policy statement, ordinance, regulation, or decision that caused the damages he asserts. *Thornton*, 2024 WL 3357840, at *3. Davis also does not plead facts to make out a *Monell* claim because he does not plead any factual basis that an official policy promulgated by a municipal policymaker was the moving force behind the violation of his constitutional rights. *Id.* In fact, he points to no policy statement, ordinance, regulation, decision, or official policy at all. He pleads what appears to be only isolated incidents that led to the alleged constitutional violations. As a result, Davis has not stated a claim upon which relief can be granted against the County, and the Court should dismiss his claims.

**B.      The Court should dismiss Davis's claims against Logan, Snyder, Wallace, and Akin in their official capacities**.

Davis next sues the County's employees, Logan, Snyder, Wallace, and Akin, in their official capacities. "A claim brought against a government employee in his official capacity, however, is a claim against the government itself." *Blackledge v. City of Hattiesburg*, No. 2:24-cv-136-TBM-RPM, 2025 WL 3252404, at *8 (S.D. Miss. Oct. 31, 2025) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66, (1985)). Therefore, because Davis has not stated a claim for relief against the County under § 1983, the Court should dismiss his official capacity claims against Logan, Snyder, Wallace, and Akin.

**C.      Qualified immunity bars Davis's remaining claims against Logan, Snyder, Wallace, and Akin in their individual capacities.**

Davis asserts that Officers Logan and Snyder used excessive force in arresting him at his home. ECF No. 6 at 5. Davis asserts that Akin and Wallace failed to supervise, train, and intervene. *Id.* at 56. He claims that these actions amount to constitutional violations under the Fourth Amendment. However, Davis provides no factual basis to establish that there was a violation of a

7

constitutional right or whether the right was clearly established at the time of Defendants' alleged misconduct. *Wilkerson*, 774 F.3d 851. Davis cites no legal authority for his contentions that the officers' actions amounted to Fourth Amendment violations.

And merely stating that the officers violated the Fourth Amendment is not enough to establish a violation of any of Davis's constitutional rights. Even when liberally construing his *pro se* pleadings, taking all well-pleaded facts as true, and viewing them in the light most favorable to him, the pleadings do not contain sufficient facts to state a claim to relief that is plausible on its face. *Yumilicious*, 819 F.3d at 170 (citing *Bell Atl. Corp.*, 550 U.S. at 547). Instead of stating facts that support his claims, Davis makes "cursory and unsupported allegations," which the Court need not accept as true. *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021). Accordingly, the officers are entitled to qualified immunity to the extent Davis sues them in their individual capacities, and the Court should dismiss Davis's claims against them.

### D.    The dismissals should be without leave to amend.

Davis does not plead on a sufficient factual basis to establish any of his claims. He already has filed his complaint (ECF No. 1), an Amended Complaint (ECF No. 6), and several other motions and responses since he filed this case more than two years ago. Many of his filings contain dozens of pages laying out the facts of his case in detail. *See* ECF No. 6 (amended complaint that contained two hundred thirty-six paragraphs across eighty-nine pages). Still, he has pleaded no viable claim for relief. Accordingly, the Court concludes that he has pleaded his best case and that further amendment of the Amended Complaint to address the deficiencies noted above would be futile. Therefore, the Court's dismissal of Davis's Amended Complaint should be without leave to amend.

## IV.   CONCLUSION

Davis has not stated a sufficient factual basis as to any of his constitutional claims against Defendnats. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** Defendants' Motion for Judgment on the Pleadings or in the Alternative Motion for Summary Judgment (ECF No. 54) and **DISMISS** Davis's claims.

A copy of these findings, conclusions, and recommendation shall be served by all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass*, 79 F.3d at 1417, modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on April 17, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

9